FILED

2022 Apr-26  PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT LARUE, an individual;** | ) | |
| **GINGER LARUE, an individual;** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **NO:** _____ |
| | ) | |
| **MCCORQUODALE TRANSFER,** | ) | |
| **INC., a corporation;** | ) | |
| | | |
| **Defendant.** | | |

## <u>COMPLAINT</u>

### PARTIES

1.      Plaintiff, Richard LaRue, is an individual over the age of nineteen (19) and is a resident-citizen of Birmingham, Alabama.

2.      Plaintiff, Ginger LaRue, is an individual over the age of nineteen (19) and is a resident-citizen of Birmingham, Alabama.

3.      McCorquodale Transfer, Inc., is a corporation and common carrier whose principal address and registered agent are both located in Birmingham, Alabama.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 49 U.S.C.S. § 14706(a)(1) because the facts of this case encompass the shipment of and damage to goods in interstate commerce via motor carrier.

5.      Venue is proper in this Court pursuant to 49 U.S.C.S. § 14706(d)(2) because the loss or damage to the goods in question is alleged to have occurred in this judicial district and is alleged to have been caused by the carrier named as Defendant in this action.

### FACTUAL BACKGROUND

6.      Plaintiffs entered into an agreement with Defendant, a motor carrier, for the transport of

several household goods from Lenoir City, Tennessee, to Birmingham, Alabama.  These goods were comprised of several old, expensive pieces of antique furniture.

7.     Upon entering into the agreement with Defendant for transport of said goods, Plaintiff, Ginger LaRue, executed a Bill of Lading.  Said Bill of Lading contained the below clause:

THE SHIPMENT WILL MOVE SUBJECT TO THE RULES AND CONDITIONS OF THE CARRIER'S TARIFF. SHIPPER HEREBY RELEASES THE ENTIRE SHIPMENT TO A VALUE NOT EXCEEDING $ _____.
                                    (TO BE COMPLETED BY PERSON SIGNING BELOW).

8.     Prior to hiring Defendant and execution of said Bill of Lading, Defendant did not explain the terms of said document other than that the goods in question would be transported from Lenoir City, Tennessee, to Birmingham, Alabama.  Furthermore, at the time Plaintiff, Ginger LaRue executed said Bill of Lading, the line on which "$.60/lb" is written, as shown in paragraph seven (7), above, was blank.  Defendant did not explain the above clause or the rest of the Bill of Lading to Plaintiffs in any detail, Defendant did not disclose that it intended to add a "$.60/lb" (sixty cents per pound) limitation to the clause following execution of the Bill of Lading as depicted in paragraph seven (7), above, nor did Defendant offer any liability protection options for Plaintiffs to choose from.  Defendant also did not disclose any limitations on its liability should it damage the goods in question.  Plaintiff, Ginger LaRue, did not write anything else on the Bill of Lading except her signature.

9.     Importantly, Plaintiff, Ginger LaRue, did not write "$.60/lb" on the provided line, as required by the Bill of Lading's own terms.

10.    Had this information been provided to Plaintiffs, they would not have agreed to transportation of the goods in question by Defendant, nor would Plaintiff, Ginger LaRue, have executed the Bill of Lading.

11.    On November 30, 2020, Defendant took possession of the household goods in question.  At the time Defendant took possession of said goods, the goods were in good condition.

12.     On December 1, 2020, Defendant delivered the goods in question to Birmingham, Alabama.

13.     Upon delivery and inspection by Plaintiffs, Plaintiffs discovered that the goods in question had been damaged; specifically, fifteen (15) items were broken, missing parts, chipped, split, and/or torn or otherwise diminished in value or damaged beyond repair.

14.     As a result of the damage to the goods in question, said goods suffered a loss of value and/or were deemed a total loss.

15.     The amount of damage sustained to the goods in question while in possession of Defendant and/or during transport totals $70,245.00.

16.     The Plaintiffs filed their claim with Defendant in August 2021, within nine (9) months of the damages alleged in this action.

17.     Defendant denied the Plaintiffs' claim on August 30, 2021.

18.     This action is being brought within two (2) years of the damage to the goods, as delineated herein, and disallowance of Plaintiffs' claim by Defendant.

## COUNT I

## <u>VIOLATION OF 49 U.S.C.S. § 14706(a)(1)</u>

19.     Plaintiffs adopt and incorporate each and every allegation and averment set forth in the foregoing paragraphs of this Complaint, as if they are fully set forth herein.

20.     Plaintiffs allege that they entered into an agreement with Defendant, a motor carrier, for the shipment of several goods from Lenoir City, Tennessee, to Birmingham, Alabama.

21.     The goods in question were provided to Defendant for shipment in good condition.

22.     Following shipment by Defendant and arrival of the goods in Birmingham, Alabama, Plaintiffs discovered that several of the items were damaged, some beyond repair, as set forth in paragraphs thirteen (13) through fifteen (15), above.

23.     The total amount of the damage to and/or loss of these goods is $70,245.00.

24.     As set forth in paragraph sixteen (16), above, the Plaintiffs filed their claim with Defendant in August 2021, within nine (9) months of the damages alleged in this action, as required by 49 U.S.C.S. § 14706(e)(1).

25.     As set forth in in paragraph eighteen (18), above, the instant action is being brought within two (2) years of disallowance of the claim by Defendant, as required by 49 U.S.C.S. § 14706(e)(1) and 49 U.S.C.S. § 14706(e)(2)(B).

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendant in the principle sum of Seventy Thousand, Two-Hundred Forty-Five dollars ($70,245.00). Plaintiffs also request such additional and appropriate relief which they are entitled.

**COUNT II**

**<u>FRAUD</u>**

26.     Plaintiffs adopt and incorporate each and every allegation and averment set forth in the foregoing paragraphs of this Complaint, as if they are fully set forth herein.

27.     Plaintiffs allege that Defendant made material misrepresentations regarding the agreement between the parties made the basis of this suit.

27.     Plaintiffs relied, to their detriment, on said misrepresentations when entering into the agreement with Defendant made the basis of this suit and, more specifically, when Plaintiff, Ginger LaRue executed the Bill of Lading.

29.     Defendant knew, or should have known, that Plaintiffs would rely on said material misrepresentations to their detriment when deciding to enter into the agreement with Defendant and/or execute the Bill of Lading.

30.     As a result of said detrimental reliance on Defendant's material misrepresentations, Plaintiffs suffered damages to the goods transported by Defendant, as set forth in paragraphs thirteen (13) through fifteen (15), above.

31.     As set forth in paragraph eighteen (18), above, the instant action is being brought

within two (2) years of the actions alleged herein.

     **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendant in the principle sum of Seventy Thousand, Two-Hundred Forty-Five dollars ($70,245.00). Plaintiffs also request such additional and appropriate relief which they are entitled.

**COUNT  III**

**<u>FRAUDULENT SUPPRESSION</u>**

32.     Plaintiffs adopt and incorporate each and every allegation and averment set forth in the foregoing paragraphs of this Complaint, as if they are fully set forth herein.

33.     Plaintiffs alleged that Defendant had a duty to disclose material facts related to the agreement between the parties and/or related to the Bill of Lading.

34.     Plaintiffs allege that Defendant concealed several material aspects of the agreement between the parties made the basis of this suit; specifically, Plaintiffs allege that Defendant added a "$.60/lb" (sixty cents per pound) limitation to the Bill of Lading, as depicted in the clause set forth in paragraph seven (7) above, following the Bill of Lading's execution by Plaintiff, Ginger LaRue and did not disclose to Plaintiffs it planned to do so, nor did Defendant disclose any liability protection options nor give Plaintiffs the choice between them, nor did it disclose any limitations on Defendant's liability for damage to the goods.

35.     By concealing the material aspects of the agreement between the parties, Defendant concealed the true nature and contents of the Bill of Lading and/or the agreement between the parties from Plaintiffs.

36.     Plaintiffs were induced into entering into the agreement with Defendant by these concealments; more specifically, Plaintiff, Ginger LaRue, was induced into executing the Bill of Lading by these concealments.

37.     As a result of said concealment by Defendant of the true nature and contents of the agreement, Plaintiffs entered into an agreement with Defendant and Plaintiff, Ginger LaRue, executed

the Bill of Lading, as aforesaid, resulting in transport of the goods in question by Defendant and damage to said goods by Defendant, as set forth in paragraphs thirteen (13) through fifteen (15), above.

38.     As set forth in paragraph eighteen (18), above, the instant action is being brought within two (2) years of the actions alleged herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendant in the principle sum of Seventy Thousand, Two-Hundred Forty-Five dollars ($70,245.00). Plaintiffs also request such additional and appropriate relief which they are entitled.

/s/ David M. Wilson
DAVID M. WILSON (ASB-1797-n71d)
JONATHAN B. METZ (ASB-1161-a47m)
Attorneys for the Plaintiffs

**OF COUNSEL:**
GAINES, GAULT & HENDRIX, P.C.
361 SUMMIT BLVD.
SUITE 200
BIRMINGHAM, AL 35243
(205) 980-5888
dwilson@ggh-law.com
jmetz@ggh-law.com

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:**

Defendants' Address for Service:

McCorquodale Transfer, Inc.
Attn: Heather Melson
110 Office Park Drive, Ste 100
Mountain Brook, AL 35223